PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LEILA NAZARIO DE MARTÍNEZ, Defendant and Appellant.

No. 5854. Argued February 25, 1936.—Decided July 31, 1936.

*A. Lastra Chárriez* and *Justo A. Casablanca* for appellant. *Oscar Gandía,* intervener, appeared by brief.

Mr. Justice Hutchison delivered the opinion of the Court.

The district judge required the appellant Leila Nazario de Martínez to deposit the sum of $500 to cover the estimated cost of a transcript of the evidence to be used as part of the record on appeal. The defendant then moved the court for an order directing that the transcript be furnished free of charge. In her motion she alleged that she was not in a position to make the deposit because she had no property and received no income or salary of any kind; that the numerous expenses incurred in her defense had put her in a straightened economic situation, had exhausted her savings, and that she was insolvent; that the stenographer had received the sum of $100 which the appellant had been able to borrow and scrape together after painful sacrifices and privations; that she had been diligent in her efforts to secure the balance of the amount required by the stenographer and that her efforts had been fruitless on account of the serious economic crisis which she was undergoing and of the refusal of her friends to assist her; that the transcript of the evidence was necessary, essential and indispensable for the proper prosecution of her appeal (specifying the reasons which she had therefor). This motion was signed and sworn to by counsel for the appellant, who stated that he prepared the motion pursuant to information furnished to him by the mother of the defendant, who had advised him of the insolvency of the appellant Leila Nazario de Martínez and had assured him that such facts were true and correct; that the defendant did not certify the motion because she was men-

tally unbalanced; that her mother did not do so because she resided outside of the district and in the city of Mayagüez, and that José Martínez, husband of the appellant, did not do so because he was not in Puerto Rico; that the deponent believed that the information furnished him was true and that to the best of his knowledge and belief he swore that the facts set forth were true, and that the truth thereof was evident to him.

The district judge overruled this motion as not having been sworn to by the mother of the appellant and for the reason that the oath of counsel made upon information and belief was not a showing that appellant was insolvent.

In another motion subscribed and sworn to by counsel for the appellant, the latter stated that he knew of his own knowledge that Leila Nazario is completely insolvent; that she has no worldly goods, real or personal; that she has a good and legitimate cause of action on her appeal to the Supreme Court, comprising the errors set forth in the record of the case and more specifically in the order of the court below in denying the writ of error *coram nobis;* that Leila Nazario did not certify said motion because she was in Mayagüez, out of the judicial district of San Juan and because her attorney had the same or better knowledge of the facts set forth than Leila Nazario herself. To this motion there was attached a sworn statement signed by Dolores Rivera vda. de Nazario, mother of the defendant, from which we copy the following extract:

"That Leila Nazario de Martínez is a legitimate daughter of the affiant; that she states categorically that her daughter Leila is absolutely insolvent, without wordly goods; that said Leila Nazario receives no income of any class or kind and no salary of any kind.

"That she states categorically that her daughter Leila does not have and cannot have at her disposal any money whatever to cover the expenses on her appeal to the Supreme Court of Puerto Rico;

"And that as she is informed by the attorney for the said Leila Nazario, she has a good defense, consisting in a review of the orders

rendered by the District Court of San Juan at the trial and of the order entered on the writ of error *coram nobis*.

"That the matter hereinbefore set forth is the truth, the whole truth and nothing but the truth and the affiant affirms this statement as being true and known to her of her own personal knowledge."

These two sworn statements seem to meet the objection made by the district judge on overruling the first motion. The district judge gave no reasons for his overruling of the second motion. The second motion as well as the first was entitled as a motion for reconsideration and the stenographer in a motion to strike the same discussed it at some length as a motion for reconsideration. As far as this aspect of the motion is concerned, the district judge was probably right in overruling it. In substance and effect, however, neither motion was a mere motion for reconsideration. Both motions were essentially, we think, motions for leave to prosecute the appeal in *forma pauperis*. The granting of either would have involved a setting aside of the previous order requiring a deposit of $500. The setting aside of the order, however, as an incident to the granting of a motion for leave to sue in *forma pauperis* would not have involved any reconsideration of the question before the court and decided by the court at the time of ordering a deposit. The second motion should have been disposed of on its merits regardless of what the district judge may have thought of the reasons assigned therein for a reconsideration of his previous action. Unless the district judge had some reason to believe that the sworn statements made by the mother of appellant and by her attorney of his own knowledge as to the inability of appellant to make the deposit were false, he should have ordered the stenographer to furnish a transcript free of any charge in addition to the $100 already received by him. If for any good reason not apparent on the face of the record before us, the district judge regarded as insufficient the showing made by appellant, he should have stated his reasons for overruling the motion so that appellant might have had

an opportunity to satisfy him, if possible, by a further showing. While a district judge must be satisfied that an appellant is in fact unable to pay for a transcript of the evidence, yet the appellant is entitled to know why a *prima facie* showing as to such inability to pay fails to satisfy the court.

The order of the district court denying appellant's second motion must be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.